UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22589-CV-WILLIAMS
(CASE NO. 17-21313-CV-WILLIAMS)
(CASE NO. 15-20624-CR-WILLIAMS)
MAGISTRATE JUDGE REID

EDDIE LEE PICKETT,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

Before the Court is Movant's Motion to Vacate pursuant to 28 U.S.C. § 2255 and accompanying Memorandum of Law. [ECF Nos. 1; 3].[1] This matter was referred to the Undersigned for Consideration and Report. [ECF No. 2].

As set forth below, because the Motion is an unauthorized successive § 2255 Motion, the Court lacks subject matter jurisdiction and, therefore, the Motion should be **DISMISSED**. [ECF No. 1].

---

[1] Citations to "ECF No." refer to docket entries in this case, whereas citations to "CV ECF No." refer to docket entries in the previous civil case, 17-21313-CV-WILLIAMS. Lastly, citations to "CR ECF No." refer to docket entries in the underlying criminal case, 15-20624-CR-WILLIAMS.

## II. Pertinent Factual and Procedural History

In the underlying criminal case, Movant was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and brandishing and discharging a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). [CR ECF No. 40]. No appeal followed.

Movant filed an initial Motion to Vacate pursuant to 28 U.S.C. § 2255. [CV ECF No. 1]. The Court, by adopting a Magistrate Judge's Report, concluded Movant's arguments were procedurally barred and, in the alternative, further determined the merits did not entitle Movant to relief. [CV ECF No. 13]. Movant filed a Notice of Appeal. [CV ECF No. 15]. But the appeal was ultimately dismissed for want of prosecution. [CV ECF No. 24].

Movant filed the instant Motion. [ECF No. 1]. As his sole ground for relief, Movant claims the indictment was legally insufficient pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019). [ECF No. 1 at 4].

## III. Discussion

Rule 4 of the Rules Governing § 2255 Cases provides that, "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief, . . . the judge must dismiss the motion . . . ." Consistently, the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856

(1994) (citing R. 4, Rules Governing § 2254 Cases). In reviewing a petition or motion under Rule 4 of these rules, courts must construe it liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

"Before a second or successive [§ 2255 motion] is filed in the district court, the [movant] shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive [petition] shall be determined by a three-judge panel of the court of appeals[,]" and may be granted "only if [the court of appeals] determines that the [petition] makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." *Id.* § 2244(b)(3)(B)-(C). Under § 2244(b), without authorization from the appropriate court of appeals, a "[d]istrict [c]ourt [is] without jurisdiction to entertain" a "'second or successive' petition challenging [the inmate's] custody[.]" *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

However, "the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) (citing *Panetti v. Quarterman*, 551 U.S. 930, 943–44 (2007)). For instance, "second or successive status only attaches

3

to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (citing, *inter alia*, *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000)).

Furthermore, a "vacatur-based claim [that] did not exist until after the proceedings on [the] initial § 2255 motion concluded[]" is not subject to "second or successive" restrictions. *Boyd*, 754 F.3d at 1302. Similarly, where a "resentencing [leads] to a new judgment, [a subsequent § 2254 petition or § 2255 motion] challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply." *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). Likewise, "when [a subsequent § 2254 petition or § 2255 motion] is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014); *but cf. Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326 (11th Cir. 2017) (en banc) (distinguishing *Insignares*).

Lastly, if a claim—by its factual nature—unusually became ripe years after direct or collateral review, the claim might not be "second or successive" in a second-in-time motion to vacate. *See Scott v. United States*, 890 F.3d 1239, 1256 (11th Cir. 2018); *see also Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1260 (11th Cir. 2009). For this doctrine to apply, the habeas litigant must also have lacked a fair opportunity to raise the legal issue for lack of ripeness. *Scott*, 890 F.3d at 1249 (citing *Magwood v. Patterson*, 561 U.S. 320, 345 (2010) (Kennedy, J. dissenting)).

Movant already had a § 2255 motion denied on the merits. [CV ECF No. 15]. The successive bar can, therefore, apply to him. *See Boyd*, 754 F.3d at 1302. Absent an exception, Movant must still seek authorization by a panel in the Eleventh Circuit. *See* 28 U.S.C. § 2255(h)(2). And Movant does not allege that he has applied for and obtained the necessary authorization from the Eleventh Circuit. Further, a search of the Public Access to Court Electronic Records ("PACER") website does not show that he has been authorized to file this Motion.

None of the exceptions to the bar on unauthorized successive filings apply. In fact, the Eleventh Circuit has held that a *Rehaif* claim, like the one Movant presently raises, is not retroactive to cases on collateral review and that *Rehaif* did not announce a new rule of constitutional law. *See In re Wright*, 942 F.3d 1063, 1064-65 (11th Cir. 2019) (discussing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)). The Eleventh Circuit has also affirmed a district court's determination that a § 2255 motion is an unauthorized successive filing when a movant raises a *Rehaif* claim after a previous § 2255 motion was denied on the merits. *See Dorch v. United States*, 799 F. App'x 811, 812-13 (11th Cir. 2020).

Movant, therefore, filed a "second or successive" Motion to Vacate without the necessary authorization from the Eleventh Circuit. Without authorization, the Court lacks jurisdiction over the instant filing.

## IV. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Here, a certificate of appealability should not issue.

## V. Conclusions and Recommendations

Based on the foregoing, it is recommended that Motion be **DISMISSED** for lack of jurisdiction, as it is an unauthorized successive filing.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar Movant from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

**SIGNED** this 2nd day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Eddie L. Pickett
06275-104
Coleman I-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 1033
Coleman, FL 33521
PRO SE

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov